IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLAUDE E. NEWMAN,<br><br>           Plaintiff,<br><br>           v.<br><br>CROWN CORK & SEAL COMPANY, INC.,<br>a Pennsylvania corporation, individually and as<br>successor-in-interest to Mundet Cork Corporation;<br>ET AL.,<br><br>           Defendants. | Civil No. 07-1533-JO<br><br>OPINION AND ORDER |

    Patrick D. Angel
    BRAYTON PURCELL
    111 S.W. Columbia Street, Suite 250
    Portland, OR  97201

     Attorney for Plaintiff

    Daniel K. Reising
    Mark J. Fucile
    FUCILE & REISING
    115 N.W. First Avenue, Suite 410
    Portland, OR  97209-4024

Michael A. Jaeger
WILSON SMITH COCHRAN DICKERSON
1215 Fourth Avenue, Suite 1700
Seattle, WA  98161

   Attorneys for Defendants

JONES, Judge:

Plaintiff filed this action in Multnomah County Circuit Court in October 2006, alleging state law claims to the effect that the products and activities of several named defendants exposed him to asbestos and caused him severe injuries.

During the course of litigation in state court, plaintiff dismissed the only Oregon defendant, Oregon Airgas, Inc., as incorrectly named.  On October 12, 2007, before plaintiff was able to file an amended complaint naming the proper defendant, Airgas-Nor Pac, Inc., defendant Ford Motor Company ("Ford") removed the action to this court based on diversity jurisdiction.  On October 29, 2007, plaintiff filed two motions in this court:  a motion for leave to amend the complaint (# 5) to add defendant Airgas-Nor Pac, and a motion to remand (# 6) the action to state court.

On November 16, 2007, the Judicial Panel on Multi-District Litigation issued a conditional transfer order transferring this action as a tag-along to the asbestos litigation now pending in the United District Court for the Eastern District of Pennsylvania, MDL No. 875.  On December 18, 2007, plaintiff filed a motion with the MDL Panel to vacate the conditional transfer order. [1]

---

[1]     The present status of that motion is not known to this court.

In the meantime, plaintiff asked this court to proceed with his motions to amend and to remand, and on January 17, 2008, I heard oral argument on the motions. As a result of that hearing, I granted plaintiff's motion for leave to amend and took plaintiff's motion to remand under advisement. I also asked the parties for simultaneous briefing limited to the issue of burden of proof on jurisdiction. That briefing is now complete. Having considered the matter thoroughly and for the reasons stated below, I grant plaintiff's motion to remand.

DISCUSSION

Plaintiff asserts that the addition of Airgas-Nor Pac as a defendant destroys diversity and requires remand to state court. Specifically, plaintiff contends that Airgas-Nor Pac is a citizen of Oregon, as is plaintiff. Ford, in turn, contends that Airgas-Nor Pac is a citizen of Washington for purposes of diversity jurisdiction.

1.  Legal Standards

There is no dispute that the party invoking federal diversity jurisdiction bears the burden of establishing that removal is proper. United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 763 (9th Cir. 2002); see also Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006).[2] This traditional rule of burden allocation in determining removal jurisdiction comports with what the Supreme Court has termed the "dominant role in the successive enactments of Congress relating to diversity jurisdiction": "[of] jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep

---

[2]  The law "features a longstanding, near-canonical rule that the burden on removal rests with the removing defendant." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006).

3 - OPINION AND ORDER

them free for their distinctive federal business." Abrego, 443 F.3d at 685 (citations omitted). Consequently, federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)(citations omitted).

In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." 28 U.S.C. § 1332(c)(1). Where, as here, reliance on the state of incorporation does not settle the issue of jurisdiction, the "principal place of business" is determined by a two-part inquiry:

> (1) in what state does a "substantial predominance" of corporate activity take place? or (2) if the corporation's activities are not predominant in a single state, then the principal place of business is where the majority of its executive and administrative functions are performed.

United Computer Systems, 298 F.3d at 763. Again, the removing party bears the burden of establishing that removal was proper. Id.

2.  Airgas-Nor Pac's Citizenship for Purposes of Diversity Jurisdiction

Airgas-Nor Pac is incorporated in the state of Delaware. That, however, does not answer the jurisdictional question. The parties agree, and the evidence establishes, that Airgas-Nor Pac is headquartered in Vancouver, Washington. That, also, does not answer the jurisdictional question.

As explained above, under Ninth Circuit jurisprudence, the first inquiry is to determine Airgas-Nor Pac's place of operations, i.e., the state in which it performs a "substantial predominance" of corporate operations. United Computer Systems, 298 F.3d at 763; Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994). The evidence establishes that Airgas-Nor

4 - OPINION AND ORDER

Pac has corporate operations in over 40 branches in Washington, Oregon, Idaho, and Alaska. The evidence does not show the percentage of Airgas-Nor Pac's corporate operations in each state, nor does it establish that activities in any one state are or are not substantially predominant. In fact, at oral argument defense counsel denied the ability to produce evidence showing the distribution of Airgas-Nor Pac's revenues.

The question, then, is the consequence of this failure of evidence. *If* the evidence established that Airgas-Nor Pac's corporate activities *do not* predominate in *any* state, then I would conclude, under part two of the Ninth Circuit inquiry, that Airgas-Nor Pac's principal place of business is Washington, where it is headquartered. That, however, is not the situation I confront because Ford has not presented any evidence on the "substantial predominance" issue.

Although it is a close call, in view of the "strong presumption against removal jurisdiction" and the mandate that the "removing party always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), I conclude that Ford

5 - OPINION AND ORDER

has failed to carry its burden of proving that diversity exists and removal is proper.[3]

Consequently, I grant plaintiff's motion to remand.

## CONCLUSION

Plaintiff's motion (# 6) to remand is GRANTED, and this action is remanded to Multnomah County Circuit Court for all further proceedings. Any other pending motions are denied as moot.

DATED this 11th day of February, 2008.

       /s/ Robert E. Jones
       ROBERT E. JONES
       U.S. District Judge

---

[3] In <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936), the Court explained the removing party's burden as follows:

> He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. <u>The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.</u>" (Emphasis added.)

In this case, plaintiff appropriately challenged Airgas-Nor Pac's allegation concerning its principal place of business; Airgar-Nor Pac did not respond with competent proof, as required.